UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JEFFREY MITCHELL, JOHN PERKINS,
and SEAN DUPREE,

               Plaintiffs,

       -against-

THE CITY OF NEW YORK, MOHAMMED
KARIMZADA, ANTHONY DONALDSON,
and JOHN DOES 1-4,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

 

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiffs Jeffrey Mitchell, John Perkins, and Sean Dupree, by their attorneys,

Reibman & Weiner, as and for their Complaint, hereby alleges as follows, upon information

and belief:

### PARTIES, VENUE and JURISDICTION

1.    At all times hereinafter mentioned, plaintiffs were each adult males

lawfully present in Kings County, in the State of New York.

2.    At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

3.    At all relevant times hereinafter mentioned, defendant Mohammed

Karimzada was an adult male employed by the City of New York as a Sergeant with the

NYPD and assigned shield number 786. Karimzada is sued herein in his official and

individual capacities.

4.      At all relevant times hereinafter mentioned, defendant Anthony Donaldson was an adult male employed by the City of New York as police officer with the NYPD and assigned shield number 8286. Donaldson is sued herein in his official and individual capacities.

5.      At all relevant times hereinafter mentioned, defendants John Does 1-4, were adult males employed by the City of New York as members of the NYPD, whose identities are currently unknown to plaintiff. The Doe defendants are sued herein in their official and individual capacities.

6.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

8.      On January 19, 2012, at about 12:50 a.m., plaintiffs were lawfully present as guests inside an apartment on the 10th Floor at 765 Lincoln Avenue in Brooklyn, New York (the "premises"), along with about two other individuals.

9.      At or about this time, members of the NYPD knocked on the door to the apartment. When one of the individuals inside the apartment opened the door, the

2

officers, including the Doe defendants, entered the premises with guns drawn and seized and handcuffed several people, including the plaintiffs.  plaintiffs.

10.     None of the plaintiffs were engaged in any unlawful, illegal, or suspicious activity prior to or at the time of the defendants' entry into the premises and there was no lawful basis for the defendants to seize or arrest any of the plaintiffs.

11.     The plaintiffs were searched by the defendants.  The search yielded no evidence of guns, drugs or contraband of any sort.

12.     Despite the absence of any evidence of wrongdoing on the part of plaintiffs, the defendants formally arrested all three plaintiffs.

13.     The decision to arrest plaintiffs was objectively unreasonable under the circumstances.

14.     The plaintiffs were detained at the premises for a period of time and then transported to a local NYPD station house for processing.  While at the station house, the plaintiffs was fingerprinted, photographed, and searched.

15.     Plaintiffs were eventually transported to Central Booking in Kings County, where they were imprisoned for a period of many more hours.

16.     While plaintiffs were imprisoned by the defendants, Donaldson completed arrest paperwork in which he swore, in part, that the plaintiffs were observed by defendant Karimzada on the balcony of the apartment, that they collectively possessed a handgun, and that one of them threw a loaded pistol from the balcony to the ground.

17.     This factual claim by Karimzada materially false, and Karimzada and

Donaldson knew it to be false at the time he first made it, and at every time thereafter when he repeated it.

18.     Donaldson, under the supervision of Karimzada, forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiffs' criminal prosecutions.

19.     As a direct result of these allegations by Donaldson and Karimzada, the plaintiffs were criminally charged by the Kings County District Attorney.  Mitchell was charged under docket number 2012KN005269, Perkins under docket number 2012KN005270, and Dupree under 2012KN005475.

20.     Bail was set for Mitchell and he was sent to Rikers Island, where he was imprisoned by the municipal defendant's Department of Corrections.

21.     On January 24 and 25, 2012, all criminal charges against the plaintiffs were dismissed on the motion of the KCDA and the criminal prosecutions terminated in their favor.

22.     At no time prior to or during the above events was there probable cause to arrest either plaintiff, nor was it reasonable for defendants to believe probable cause existed.

23.     At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiff.

24.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to

report the conduct of the defendants who engaged in the misconduct described herein as required.

      25.     That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

      26.     Plaintiffs repeat the allegations contained in paragraphs "1" through "25" above as though stated fully herein.

      27.     The individual defendants willfully and intentionally seized, searched, detained, arrested and imprisoned plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

      28.     The individual defendants willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical harm, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

      29.     By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, excessive force, unlawful searches of person and property, and denial of a fair trial, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the United States Constitution.

5

30.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

31.     Plaintiffs repeat the allegations contained in paragraphs "1" through "30" above as though stated fully herein.

32.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

33.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

34.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and  intentionally adopted,

condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

35. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

36. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

a. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

b. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

c. Retaliating against officers who report police misconduct; and

d. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

37. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long list of civil actions in state and federal courts.

38. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-

7

CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as
> well as knowledge of cases in other federal and state courts, has
> revealed anecdotal evidence of repeated, widespread falsification by
> arresting police officers of the New York City Police Department.
> Despite numerous inquiries by commissions and strong reported
> efforts by the present administration -- through selection of candidates
> for the police force stressing academic and other qualifications, serious
> training to avoid constitutional violations, and strong disciplinary action
> within the department -- there is some evidence of an attitude among
> officers that is sufficiently widespread to constitute a custom or policy
> by the city approving illegal conduct of the kind now charged.

39.     Furthermore, more than half the time that the Civilian Complaint

Review Board refers substantiated complaints against officers to the NYPD for disciplinary

action, the NYPD either simply issues a verbal warning or drops the charges altogether.

40.     It is therefore clear that the municipal defendant has not only tolerated,

but actively fostered a lawless atmosphere within the NYPD and that the City of New York

was deliberately indifferent to the risk that the inadequate level of supervision would lead to

the violation of individuals' constitutional rights in general, and caused the violation of

plaintiffs' rights in particular.

41.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused

plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the

deprivation of liberty, and the loss of their constitutional rights.

8

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

i.    on cause of action one, actual and punitive damages in an amount to be determined at trial;

ii.   on cause of action two, actual damages in an amount to be determined at trial;

iii.  statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

iv.   such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       May 7, 2013

By:    _____
       Michael Lumer  (ML-1947)
       Reibman & Weiner
       Attorneys for Plaintiffs
       26 Court Street, Suite 1808
       Brooklyn, New York 11242
       (718) 522-1743

9